# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jason Medlyn, ) | Civil Action No. 2:20-2119-RMG |
|       Petitioner, ) | |
| v. ) | **ORDER AND OPINION** |
| Warden F.C.I. Bennettsville, ) | |
|       Respondent. ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 31). For the reasons set forth below, the Court adopts in part and declines to adopt in part, the R & R as the Order of the Court.

**I.     Background**

Jason Medlyn ("Petitioner") in an incarcerated person proceeding *pro se*. In 2013 in the Eastern District of North Carolina, Petitioner plead guilty to various firearms offenses specified in Counts One, Three, and Five. Count Five charged Petitioner with being a felon in possession of firearms and ammunition on or about May 31, 2012, in violation of 18 U.S.C. §§ 922(g)(1), 924. (Dkt. No. 28 at 6). Petitioner was sentenced to 240 months' imprisonment. Petitioner appealed to the Fourth Circuit Court of Appeals, which the Fourth Circuit affirmed in part, and dismissed in part. *United States v. Medlyn*, 5:13-CR-00006-H (E.D.N.C.) (Dkt. Nos. 110, 130, 131).

In March 2015, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and claiming actual innocence, which was denied. *United States v. Medlyn*, 5:13-CR-00006-H (E.D.N.C.) (Dkt. Nos. 149, 150, 157, 163, 168, 209, 210). On June 3, 2020,

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 alleging his guilty plea and conviction for being a felon in possession of firearms and ammunition pursuant to 18 U.S.C. § 922(g) are invalid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Dkt. No. 9 at 1). On March 25, 2021, Respondent filed a motion for summary judgment. (Dkt. No. 17). Petitioner filed a response in opposition. (Dkt. No. 23). On September 14, 2021, the Magistrate Judge issued an R & R recommending the Court grant Respondent's motion for summary judgment. (DKt. No. 31). Petitioner has not filed objections to the R & R. The matter is ripe for the Court's review.

## II.  Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Petitioner has not filed objections to the R & R, and it is reviewed for clear error.

## III.  Discussion

The Court finds the Magistrate Judge properly concluded the Court lacks jurisdiction over Petitioner's § 2241 petition. (Dkt. No. 31 at 6). "[I]t is well established that defendants convicted

in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255" rather than § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may nonetheless proceed under § 2241 if petitioner can show under the savings clause of § 2255(e) that a §2255 motion is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2010). To demonstrate that a § 2255 petition would be inadequate or ineffective, the petitioner must establish:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is *not one of constitutional law*.

*United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (emphasis supplied) (citing *In re Jones*, 226 F.3d at 333-34). The failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived. *Id*.

Petitioner seeks to avail himself of the savings clause within 28 U.S.C. § 2255(e) based on the Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. Petitioner asserts that he did not know he belonged to a class of persons barred from possessing a firearm. (Dkt. No. 23 at 2). He requests that the court vacate his § 922 (g) conviction and remand his case to the Eastern District of North Carolina for another plea hearing. (Dkt. No. 9 at 8). Petitioner contends that contends that *Rehaif* was a substantive change in the law.

The Magistrate Judge correctly concluded that Petitioner cannot satisfy the second element of the savings clause test to petition under § 2241 because *Rehaif* is not a substantive change in

the law that rendered the conduct for which Petitioner was convicted not criminal. The Magistrate Judge notes that *Rehaif* clarified only the elements the Government would have had to prove at trial, had Petitioner exercised his right to a trial, but it did not make the conduct for which Petitioner was convicted no longer criminal. *Rehaif*, 139 S. Ct. at 220. The Magistrate Judge noted that since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted in still illegal. *Rhodes v. Dobbs*, No. 1:20-CV-1725-JFA-SVH, 2021 WL 805503, at * 3 (D.S.C. Mar. 3, 2021) (collecting cases). Thus, the Magistrate Judge correctly determined Petitioner cannot establish the second element of the savings clause test to petition pursuant to § 2241 because the Supreme Court's holding in *Rehaif* does not amount to a substantive change in the law as being a felon in possession of a firearm remains a valid criminal offense. As Petitioner has failed to establish the elements necessary to meet the savings clause, he may not file a petition pursuant to 28 U.S.C. § 2241. Thus, the petition is dismissed without prejudice for lack of jurisdiction and Respondent's motion for summary judgment is denied as moot.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R of the Magistrate Judge (Dkt. No. 31) as the Order of the Court. The Court **DECLINES TO ADOPT** the determination of the Magistrate Judge that Respondent's motion for summary judgment should be granted beginning on Page 6, line 8 and ending on Page 6, line 8. The R & R is otherwise **ADOPTED**. Respondent's motion for summary judgment is **DENIED AS MOOT** and the petition for habeas corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. Nos. 1, 9) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**AND IT IS SO ORDERED.**

-5-

                                                      <u>s/ Richard M. Gergel</u>  
                                                      Richard Mark Gergel  
                                                      United States District Court Judge

October 1, 2021  
Charleston, South Carolina